No. 39947.—Protests 893585–G, etc., of Sears, Roebuck & Co. (Galveston and Philadelphia).

Opinion by SULLIVAN, J.   The protests were submitted on the official sample which is a small accordion with ten stops on one side.   Each stop when pressed emits two notes.   On the other side are two stops which change the quality of these notes emitted by the other ten stops.   The sample was found to possess all the earmarks of a musical instrument and the court was convinced it is not a toy chiefly used for the amusement of children.   *United States* v. *Abercrombie* (20 C. C. P. A. 267, T. D. 46060) and *United States* v. *Halle* (id. 281, T. D. 46077) cited.   The court sustained the claim at 40 percent under paragraph 1541 saying, "The appellate court has held so many instruments to be musical that we are inclined to override our own judgment as to what is and is not a musical instrument. Being without evidence that the instrument at bar is not a musical instrument, we must reverse the decision of the collector that it is a toy, and hold it a musical instrument under the statute."

No. 39948.—Protest 922501–G of S. Lisk & Bro. (New York).

Opinion by SULLIVAN, J.   The official sample is a siren horn or whistle composed entirely of metal.   The evidence was found sufficient to establish that these articles are chiefly used by adults for amusement and that their use by children is not their chief use.   The claim at 45 percent under paragraph 397 was therefore sustained.

BEFORE THE SECOND DIVISION, NOVEMBER 29, 1938

No. 39949.—Protests 289815–G, etc., of New York Merchandise Co., Inc. (New York).

Opinion by DALLINGER, J.   It was stipulated that the merchandise consists of atomizers, boxes, droppers, powder bowls, thimbles, trays, and rosary boxes of metal chiefly used in the household for utilitarian purposes.   The claim at 40 percent under paragraph 339 was therefore sustained.

No. 39950.—Protests 304387–G, etc., of Ferd. Bing & Co.'s Successors (New York).

Opinion by DALLINGER, J.   In accordance with stipulation of counsel jardinieres, vases, boxes, trays, coupes, candlesticks, plates, bottles, atomizers, candelabra, inkstands, photo frames, and bookends chiefly used on the table, in the kitchen, or in the household for utilitarian purposes were held dutiable at 40 percent under paragraph 339.   *United States* v. *Friedlaender* (21 C. C. P. A. 103, T. D. 46445), *Dow* v. *United States* (id. 282, T. D. 46816), *Woolworth* v. *United States* (T. D. 47857), and *Rice* v. *United States* (T. D. 49373) cited.